U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 2 2 2008

ROBERT H. SHEMWELL, CLERK
BY _____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-50163#-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| EUGENE BULLARD | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by defendant, Eugene Bullard. [Record Document 47]. For the following reasons, defendant's motion is **DENIED**.

### I. STATEMENT OF THE CASE

On October 25, 2006, a federal grand jury returned an indictment against Defendant Eugene Bullard ("Bullard") charging him with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Record Document 1]. On April 23, 2007, a jury found Bullard guilty as charged. On July 19, 2007, he was sentenced by the court to 60 months imprisonment, 500 hours participation in a substance abuse program, $100 fine, and 3 years supervised release upon release.

Bullard appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit where he asserted (1) that the district court erred in denying his Motion for Judgment of Acquittal because the government's evidence was insufficient to sustain a conviction of possession of a firearm by a convicted felon, and (2) that the district court's imposition of 60 months

1

imprisonment is unreasonable in light of the facts and circumstances of the case. *See* Record Document 47. The Fifth Circuit affirmed Bullard's conviction and sentence finding that "the evidence sufficiently supports the verdict" and that "Bullard failed to rebut the presumption of reasonableness afforded his sentence." *See* Record Document 46.

Bullard now seeks to challenge his sentence on grounds of ineffective assistance of counsel. He claims his trial counsel was ineffective because (1) at the sentencing hearing, the defense counsel failed to object on the grounds that the district court denied him the right to the advisory guideline range, and (2) after sentencing, the defense counsel failed to file a written motion with the trial court to correct the sentencing error. *See* Record Document 47.

## II. LAW AND ANALYSIS

To prevail on his claim of ineffective assistance of counsel, Bullard has the burden to demonstrate (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the *Strickland* analysis, Bullard must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690, 2066. Under the second prong of the *Strickland* test, the defendant must show "that there is a

reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 2068.

The two prongs of the *Strickland* test need not be analyzed in any particular order. *See Goodwin v. Johnson*, 132 F.3d 162, 173 n.6 (5th Cir. 1998); *Murray,* at 282. If Bullard fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

In the present matter, Defendant Bullard has failed to demonstrate that the alleged errors fell below an objective standard of reasonableness or that the alleged errors were prejudicial. *See* Record Document 47. The motion itself merely states Bullard's allegations of ineffective assistance of counsel without stating any facts or providing any evidence in support his allegations. The motion was filed without an accompanying memorandum to support the motion; thus, there are no facts and no evidence before this court on which Bullard's allegations can reasonably be assessed. The Fifth Circuit has repeatedly held that "[c]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel." *U.S. v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Thus, Bullard's mere assertions of ineffective assistance of counsel cannot overcome the strong presumption "that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *Strickland*, 527 F.3d at 519.

3

## III. CONCLUSION

After having presided over Bullard's jury trial and sentencing, and now having reviewed defendant's motion, this Court finds that Bullard has failed to establish ineffective assistance of counsel. Accordingly, defendant's §2255 motion is **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE